**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

|  |  |
|---|---|
| _____ ) | |
| ) | |
| **IN RE VEHICLE CARRIER SERVICES** ) | **MDL NO. 2471** |
| **ANTITRUST LITIGATION** ) | |
| ) | |
| _____ ) | |

**RESPONSE OF PLAINTIFFS DAVID SCHROEDER, ROSS STASIK AND ALEX WHITE TO MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ANTITRUST CLASS ACTIONS PURSUANT TO 28 U.S.C.§ 1407**

Pursuant to Rules 6.1(c) and 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("the Panel") Plaintiffs David Schroeder, Ross Stasik and Alex White ("Southern California Plaintiffs")[1] respectfully submit this response to the motion for consolidation and transfer of the related antitrust class actions pursuant to 28 U.S.C. § 1407.  For the reasons set forth below, Southern California Plaintiffs respectfully request that the Panel consolidate and transfer the related antitrust actions to the United States District Court for the Southern District of California.

I.  **INTRODUCTION**

Several related class actions have been filed in federal district courts alleging that providers of Vehicle Carrier Services (transportation of automobiles and other vehicles across the ocean using specialized cargo vessels) engaged in anticompetitive conduct in violation of the Sherman Antitrust Act, 15 U.S.C. § 1, and various state statutes.  The actions of which Southern California Plaintiffs are aware are pending in the Southern District of California, the Northern District of California, the Middle District of Florida and the District of New Jersey.  On June 13, 2013, plaintiffs Joan MacQuarrie and Brenda Keegan filed a motion with the Panel for consolidation and transfer to the Northern District of California ("Transfer Motion").

Southern California Plaintiffs join in the Transfer Motion insofar as it requests consolidation and transfer of the related actions to a single venue.  However, as discussed below, the Southern District of California would be the most appropriate transferee forum, not the Northern District of California or another of the other districts in which

---

[1]  Southern California Plaintiffs are plaintiffs in *Schroeder v. Nippon Yusen Kabushiki Kaisha*, *Ltd.*, No. 3:13-cv-01319 (S.D. Cal.), filed on June 6, 2103; *Stasik  v. Nippon Yusen Kabushiki Kaisha*, *Ltd.*, No. 3:13-cv-01467 (S.D. Cal.), filed on June 25, 2103; and *White v. Nippon Yusen Kabushiki Kaisha*, *Ltd.*, No. 3:13-cv-01537 (S.D. Cal.), filed on July 1, 2103.

actions are pending because (1) many relevant witnesses and documents are located in or near the Southern District of California; (2) the Southern District of California is a convenient forum that is easily accessible for the parties and witnesses; and (3) the Southern District of California has the expertise and resources necessary to expeditiously handle these related antitrust actions.

## II.     ARGUMENT

### The Southern District of California is the Appropriate Forum for Coordinated Pretrial Proceedings

#### A.     Relevant Witnesses and Documents are Likely to Be Located in or Near the Southern District of California

In determining the proper transferee forum, the Panel has considered where potential witnesses and documents are likely to be located.  *See, e.g.*, *In re Union Pac. R.R. Co. Employment Practices Litig.*, 314 F. Supp. 2d 1383, 1384 (J.P.M.L. 2004) (transferring to forum where witnesses and documents were located); *In re Nat'l Century Fin. Enters., Inc., Inv. Litig.*, 293 F. Supp. 2d 1375, 1377 (J.P.M.L. 2003) (noting "many parties, witnesses and documents are likely to be found in that district"); *In re Unumprovident Corp. Sec. Derivative &"ERISA" Litig.*, 280 F. Supp. 2d 1377, 1380 (J.P.M.L. 2003) (noting "relevant witnesses and documents will likely be found there").

Many of the defendants in the related actions have offices located within or very near the Southern District of California.  For example, defendants American Auto Logistics, Inc. and American Shipping and Logistics Inc. have offices in San Diego, California.  Defendants Eukor Car Carriers, Inc.; Wihl. Wihhelmsen Holding, ASA; and Wihl. Wilhelmsen, ASA have offices in nearby Costa Mesa, California.  Defendant Mitsui O.S.K. Lines, Ltd. has offices in Long Beach California and Concord, California.

Defendants World Transport Logistics Service (U.S.A.), Inc. and World Transport Co., Ltd. also have offices in Long Beach, California.  In addition, defendants 'K' Line America, Inc. and Kawasaki Kisen Kaisha, Ltd. have offices in Huntington Beach, California.

Moreover, the Port of San Diego is a busy shipping port through which many motor vehicles are imported.  According to the Port's website, it represents "the most advanced vehicle import/export facility on the West Coast" and serves as "the primary port of entry for one out of every eight cars imported to the United States." http://www.portofsandiego.org/maritime/learn-about-national-city-terminal.html.

Relevant documents and potential witnesses are therefore likely to be located in or near the Southern District of California.  The Panel has transferred consolidated actions to the Southern District of California where documents and witnesses were likely to be found there.  *See, e.g, In re Midland Credit Mgmt., Inc., Telephone Consumer Prot. Act Litig.*, 818 F. Supp. 2d 1377, 1378 (J.P.M.L. 2011) (noting that the Southern District of California has "a nexus to the allegations given the location of the defendants there, and relevant documents and witnesses likely will be found there"); *In re Sony Gaming Networks and Customer Data Sec. Breach Litig.*, 802 F. Supp. 2d 1370, 1371 (J.P.M.L. 2011) (transferring to the Southern District of California where one of the defendants was located and therefore "employees who may have relevant knowledge . . . may also be found in this district"); *In re Peregrine Sys., Inc., Sec. Litig.*, 530 F. Supp. 2d 1352, 1353 (J.P.M.L. 2008) (noting "relevant documents and witnesses are likely in proximity to [defendant's] former headquarters in San Diego, California").

### B. The Southern District of California is a Convenient Forum for the Parties and Witnesses

Another important consideration in selecting a transferee forum is whether a potential forum is convenient for the parties and witnesses. *See, e.g, In re Merck & Co., Inc., Sec., Derivative & "ERISA" Litig.*, 360 F. Supp. 2d 1375, 1377 (J.P.M.L. 2005) (transferring to a district that "is relatively conveniently located for the parties and witnesses taken as a whole.").

The parties in this litigation are geographically diverse, with plaintiffs and defendants located throughout the United States, Asia and Europe. As noted above, many of the defendants maintain offices in or near the Southern District of California. Moreover, given that many of the parties and potential witnesses will be required to travel regardless of where the related cases are transferred, the accessibility and availability of frequent air service and travel accommodations are also a significant consideration in selecting the appropriate forum. *See In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 196 F. Supp. 2d 1375, 1376-77 (J.P.M.L. 2002) (transferring litigation to a district court "in a major metropolitan center that is well served by major airlines, provides ample hotel and office accommodations, and offers a well developed support system for legal services."). *Accord In re Laughlin Products, Inc., Patent Litig.*, 240 F. Supp. 2d 1358, 1359 (J.P.M.L. 2003) (transferring to "an accessible metropolitan district").

The Southern District of California courthouse is conveniently located in downtown San Diego, California, a short ride (under five miles) from the San Diego International Airport. San Diego's airport is served by 22 airlines (http://www.san.org/sdia/flights/airlines.aspx) and the city has ample accommodations available

5

in downtown hotels located near the Southern District of California courthouse.  Transfer to the Southern District of California is therefore appropriate.  *See, e.g., In re Jiffy Lube Int'l, Inc., Text Spam Litig.*, 802 F. Supp. 2d 1367, 1368 (J.P.M.L. 2011) (noting that the district "is relatively convenient for parties, witnesses and counsel located in or near southern California and is readily accessible to parties located elsewhere"); *In re Fretted Musical Instruments Antitrust Litig.*, 657 F. Supp. 2d 1379, 1381 (J.P.M.L. 2009) (noting "the Southern District of California is a convenient district for the parties, witnesses, and access to documents" in light of defendants' presence in California).

### C.  The Southern District of California Has the Expertise and Resources Necessary to Manage the Related Actions

The Panel has also considered whether a potential transferee forum has the necessary resources and expertise to handle the consolidated litigation.  *See, e.g., In re Methyl Methacrylate (MMA) Antitrust Litig.*, 435 F. Supp.2 d 1345, 1347 (J.P.M.L. 2006) (transferring to a district that "is well equipped with the resources that this complex antitrust docket is likely to require"); *In re Sulfuric Acid Antitrust Litig.*, 270 F. Supp. 2d 1379, 1380 (J.P.M.L. 2003) (concluding that the transferee forum was "equipped with the resources that this complex antitrust docket is likely to require"); *In re Ace Ltd. Sec. Litig.*, 370 F. Supp. 2d 1353, 1355 (J.P.M.L. 2005) (concluding that the transferee forum "possesses the necessary resources and expertise to be able to devote the time and effort to pretrial matters that this docket is likely to require"). The Southern District of California is a large urban court well-equipped to handle complex litigation such as this.

Another factor considered by the Panel is the extent to which the district and potential judge has other multidistrict litigation pending.  *In re Midland Credit*, 818 F. Supp. 2d at 1378 (assigning "the litigation to a judge who is not presently presiding over

6

other multidistrict litigation"); *In re The Gator Corp. Software Trademark & Copyright Litig.*, 259 F. Supp. 2d 1378, 1380 (J.P.M.L. 2003) (transferring to a forum that "is not currently overtaxed with other multidistrict dockets"); *In re Serzone Products Liability Litig.*, 217 F. Supp. 2d 1372, 1374 (J.P.M.L. 2002) ("[C]entralization in this district permits the Panel to effect the Section 1407 assignment to a transferee district that is not currently overtaxed with other multidistrict dockets . . . .").

According to the most recent Distribution of Pending MDL Dockets (current as of May 14, 2013) issued by the Panel, the Southern District of California currently has only eight pending multidistrict actions, only one of which is an antitrust action. Moreover, the judge presiding over *Schroeder v. Nippon Yusen Kabushiki Kaisha, et al.,* in the Southern District of California is the Honorable Marilyn L. Huff. Judge Huff has no pending multidistrict actions and, to Southern California Plaintiffs' knowledge, has not had the opportunity to preside over an MDL action.

In contrast, the Northern District of California has 17 pending multidistrict cases, over twice the number of actions pending in the Southern District of California, and the District of New Jersey has 16. In addition, the judge presiding over the actions pending in the District of New Jersey, the Honorable Esther Salas, is currently presiding over another MDL litigation: *In re Ford Motor Co. E-350 Van Products Liability Litig. (No. II)*, MDL No. 1687.[2]

The Panel also takes into consideration the potential judge's experience as a factor in determining the appropriate transferee forum. *See, e.g., In re Vision Serv. Plan Tax*

---

[2] None of the districts in which actions are pending has a clear advantage in terms of overall docket statistics. However, as the Panel noted in transferring actions to the Southern District of California in *In re Sony Gaming Networks*, 802 F. Supp. 2d at 1371, "the Southern District of California enjoys general docket conditions conducive to the efficient resolution of this litigation."

7

*Litig.*, 484 F. Supp. 2d 1356, 1357 (J.P.M.L. 2007) ("[W]e are assigning this litigation to an experienced jurist with the ability to steer this litigation on a prudent course"); *In re African-Am. Slave Descendants Litig.*, 231 F. Supp. 2d 1357, 1358 (J.P.M.L. 2002) (transferee forum is proper where "the judge assigned to the action pending in this district is a seasoned jurist who can steer this litigation on a steady and expeditious course"); *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 269 F. Supp. 2d 1372, 1373 (J.P.M.L. 2003) ("[W]e have searched for a transferee judge with the time and experience to steer this litigation on a prudent course.").

Judge Huff is an experienced jurist who has served on the federal bench since 1991, and would be an appropriate judge to preside over this complex litigation. *See, e.g., In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litig.*, MDL No. 2445, 2013 U.S. Dist. LEXIS 81642, at *4 (J.P.M.L. June 6, 2013) (Centralization is proper where it "permits the Panel to assign the litigation to an experienced and capable judge who has not yet presided over an MDL.").

### III. CONCLUSION

For the reasons stated above, Southern California Plaintiffs respectfully request that the Panel enter an Order transferring all related actions, as well as any cases that may subsequently be filed asserting similar or related claims, to the Southern District of California for consolidated or coordinated pretrial proceedings.

Dated:  July 8, 2013                                        Respectfully submitted,


                                                    By: */s/Francis M. Gregorek*
                                                        Francis M. Gregorek
                                                        gregorek@whafh.com

8

Betsy C. Manifold
Rachelle R Rickert
Marisa C. Livesay
WOLF HALDENSTEIN ADLER
    FREEMAN & HERZ LLP
750 B Street, Suite 2770
San Diego, California 92101
Telephone:  (619) 239-4599
Facsimile:   (619) 234-4599
gregorek@whafh.com
manifold@whafh.com
rickert@whafh.com
livesay@whafh.com

Mary Jane Fait
Patrick Moran
WOLF HALDENSTEIN ADLER
    FREEMAN & HERZ LLC
55 W. Monroe Street, Suite 1111
Chicago, Illinois  60603
Telephone: (312) 984-0000
Facsimile:  (312) 984-0001
fait@whafh.com
moran@whafh.com

Daniel W. Krasner
Thomas H. Burt
WOLF HALDENSTEIN ADLER
    FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
Telephone:  (212) 545-4600
Facsimile:   (212) 545-4653
krasner@whafh.com
burt@whafh.com

*Attorneys for Plaintiffs David Schroeder and Ross Stasik ("Southern California Plaintiffs")*

Dated: July 8, 2013

Respectfully submitted,

Joseph G. Dicks (SBN 127362)
Linda G. Workman (SBN 128621)
DICKS & WORKMAN
Attorneys at Law, APC
2720 Symphony Towers
750 B Street
San Diego, CA 92101
Telephone: (619) 685-6800
Facsimile: (619) 557-2735
jdicks@dicks-workmanlaw.com
lworkman@dicks-workmanlaw.com

***Attorneys for Plaintiff Alex White ("Southern California Plaintiffs")***