BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE VEHICLE CARRIER SERVICES ANTITRUST LITIGATION | : MDL DOCKET NO. 2471 : : |

INTERESTED PARTY RESPONSE OF PLAINTIFFS JUDY A. REIBER, CRAIG BUSKE, ELIZABETH ALLIS, WILLIAM ELWOOD, DARREL SENIOR AND MATTHEW RIGHETTI IN SUPPORT OF THE MOTION OF PLAINTIFFS JOAN MacQUARRIE AND BRENDA KEEGAN FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407

## INTRODUCTION

Plaintiffs, Judy A. Reiber, Craig Buske, Elizabeth Allis and William Elwood (the "*Reiber* Plaintiffs"), together with Darrel Senior and Matthew Righetti (the "*Senior* Plaintiffs"), submit this memorandum of law in support of the motion of Joan MacQuarrie and Brenda Keegan (the "*MacQuarrie* Plaintiffs") to transfer and consolidate related antitrust class actions to the Northern District of California pursuant to 28 U.S.C. §1407 ("MacQuarrie Motion").

Judy A. Reiber, Craig Buske, Elizabeth Allis and William Elwood are the named Plaintiffs in *Reiber, et al. v. NYK Line (North America), Inc., et al.*, Case No. 4:13-cv-03233-KAW, filed on July 12, 2013 and pending in the Northern District of California. Darrel Senior and Matthew Righetti are the named Plaintiffs in *Senior, et al. v. Nippon Yusen Kabushiki Kaisha, et al.*, Case No. 3:13-cv-03448-JSC, filed on July 25, 2013 and pending in the Northern District of California. *See* Declaration of Christopher Micheletti ("Micheletti Dec."), Exhibit A ("Schedule of Actions"). The *Reiber* and *Senior* Plaintiffs further request that any subsequently-filed "tag-along" actions brought in other courts also be transferred and coordinated under the Judicial Panel on Multidistrict Litigation (the "Panel") Rule 7.5.

## BACKGROUND AND SUMMARY

As of August 6, 2013, at least sixteen (16) antitrust class actions (the "Related Actions") have been filed in four different districts against companies that provide Vehicle Carrier Services[1] to original equipment manufacturers ("OEMs") for the purpose of shipping cars, trucks and other four-wheeled vehicles across waterways. These actions, and the districts in which they are pending, are as follows:

---

[1] "Vehicle Carrier Services" refers to the service of, and the fees paid for, ocean transportation of vehicles by RoRos. RoRos are specialized cargo ships that transport large numbers of cars, trucks, or other automotive vehicles including agriculture and construction equipment across large bodies of water,  *See* Micheletti Dec. Exh. C, (Senior Complaint) ¶30.

Northern District of California

1) *MacQuarrie, et al. v. Nippon Yusen Kabushiki Kaisha, et al.*, No. 3:13-cv-02409-JST (filed May 28, 2013)

2) *Martens Cars of Washington, Inc., et al. v. Nippon Yusen Kabushiki Kaisha, et al.*, No. 3:13-cv-02696-EDL (filed June 12, 2013)

3) *Spicer, et al. v. Nippon Yusen Kabushiki Kaisha, et al.*, No. 3:13-cv-02894-DMR (filed June 24, 2013)

4) *Levis, et al. v. Nippon Yusen Kabushiki Kaisha, et al.*, No. 3:13-cv-02895-NC (filed June 24, 2013)

5) *Versalles v. Nippon Yusen Kabushiki Kaisha, et al.*, No. 3:13-cv-02999-NC (filed June 28, 2013)

6) *Heilicher, et al. v. Nippon Yusen Kabushiki Kaisha, et al.*, No. 3:13-cv-03000-EDL (filed June 28, 2013)

7) *Reiber, et al. v. NYK Line (North America), Inc., et al.*, No. 4:13-cv-03233-KAW (filed July 12, 2013)

8) *Senior, et al. v. Nippon Yusen Kabushiki Kaisha, et al.*, No. 3:13-cv-03448-JSC  (filed July 25, 2013 )

9) *Bui, et al. v. NYK Line (North America) Inc., et al.*, No. 3:13-cv-03516-JCS (filed July 30, 2013)

Southern District of California

1) *Shroeder, et al. v. Nippon Yusen Kabushiki Kaisha, et al.*, No. 3:13-cv-01319-H-DHB (filed June 6, 2013)

2) *Stasik v. Nippon Yusen Kabushiki Kaisha, Ltd., et al.*, No. 3:13-cv-01467-LAB (filed June 25, 2013)

3) *White v. Nippon Yusen Kabushiki Kaisha, Ltd., et al.*, No. 3:13-cv-01537-H-DHB (filed July 1, 2013)

District of New Jersey

1) *F. Ruggiero & Sons, Inc., et al. v. NYK Line of North America, Inc., et al.*, No. 2:13-cv-03306 (filed May 24, 2013).

2) *Knudson v. NYK Line of North America, Inc., et al.*, No. 2:13-cv-03485 (filed June 5, 2013)

Middle District of Florida

1) *Nelson, et al. v. Nippon Yusen Kabushiki Kaisha, et al.*, No. 3:13-cv-00604 (filed May 24, 2013)

2) *Adame v. Nippon Yusen Kabushiki Kaisha, et al.*, No. 3:13-cv-00651 (filed June 6, 2013)

The Related Actions all involve allegations of a global price-fixing conspiracy and assert claims under Section 1 of the Sherman Act and corresponding state antitrust and state consumer protection statutes. The complaints allege a conspiracy that affected the entire United States; they do not place the alleged acts in any particular state or region.

The MacQuarrie motion was filed on June 13, 2013 and requested transfer and consolidation or coordination of Related Actions to the Northern District of California. All responding parties support transfer and consolidation or coordination of the Related Actions. Interested Party responses differ as to the preferred transferee forum:

- The *MacQuarrie, Adame*, *Nelson*, *Spicer*, *Heilicher*, *Levis, Versalles* and *Bui* Plaintiffs support transfer to the Northern District of California.[2] The *Reiber* and *Senior* Plaintiffs also submit this memorandum in support of transfer to the Northern District of California.

---

[2] *See* Docket Nos. 1, 9, 19, 51, 66, 67 and 72.

3

- Plaintiffs in *Martens Cars* support transfer to the Northern District of California, or, alternatively, the Middle District of Florida.[3]
- Plaintiffs in *Knudson* and *Ruggiero & Sons* ("New Jersey Plaintiffs") prefer transfer to the District of New Jersey, but, alternatively, support transfer to the Northern District of California.[4]
- The Defendants prefer transfer to the District of New Jersey.
- Plaintiffs in *Schroeder*, *Stasik* and *White* ("Southern California Plaintiffs") prefer transfer to the Southern District of California.

Transfer and consolidation of all sixteen (16) pending actions, and any future tag-along actions, in the same judicial district is appropriate because they involve common factual and legal issues, concern the same Defendants, allege many of the same violations of federal and state antitrust laws, and all are premised on the same alleged conspiracy. Transfer of the Related Actions to a single court is necessary to eliminate duplicative discovery, prevent inconsistent rulings, and conserve the resources of the parties, their counsel, and the judges in four separate district courts in which Related Actions have been filed. Transfer will thus promote the convenience of the parties and witnesses, as well as just and efficient litigation of the actions.

The Northern District of California is the most appropriate forum for transfer and coordination for the following reasons: (1) nine of the sixteen current pending actions were filed in the Northern District of California and the majority of parties support transfer thereto; (2) the District is convenient for the geographically diverse parties and witnesses; (3) the District's docket conditions and judicial resources are favorable.

---

[3] *See* Docket No. 16.

[4] *See* Docket Nos. 53 and 54.

**ARGUMENT**

I.  **THE RELATED ACTIONS SHOULD BE TRANSFERRED AND CONSOLIDATED IN A SINGLE COURT**

The *Reiber* and *Senior* Plaintiffs agree with the MacQuarrie Plaintiffs and all parties who have responded thus far that the Related Actions should be transferred to one forum. In short, the requirements for transfer and consolidation under Section 1407 are all satisfied in this case. Pursuant to 28 U.S.C. § 1407(a), the Panel should consolidate and transfer the Related Actions because: (1) the cases involve "one or more common questions of fact;" (2) here consolidation and transfer "will be for the convenience of the parties and witnesses;" and (3) consolidation and transfer "will promote the just and efficient conduct of such actions." *Id*. The statute's goals of conserving judicial resources, avoiding duplicative discovery and inconsistent discovery rulings and schedules, and reducing litigation time and costs will be met. *See Manual on Complex Litigation, Fourth* ¶ 20.13 at 220 (2004). Thus, transfer and consolidation or coordination is appropriate.

II.  **THE NORTHERN DISTRICT OF CALIFORNIA IS THE MOST APPROPRIATE TRANSFEREE FORUM**

The Northern District of California is the most appropriate forum for transfer and consolidation of the Related Actions. The Judicial Panel on Multi-District Litigation has articulated several factors for selecting the most appropriate transferee forum, including, *inter alia*:

(1) The District where the most cases have been filed;

(2) The convenience of the District to the parties and the witnesses;

(3) The condition of the District Court's dockets; and

(4) The District where the first and most advanced action is pending.

These factors favor assignment of the Related Actions to the Northern District of California. Not only were the majority of complaints filed in the Northern District of California,

5

the District has significant MDL experience and a qualified Judge; and San Francisco is convenient for domestic and international parties.

### A. More than Half of the Pending Actions were Filed in the Northern District of California

This litigation currently consists of sixteen (16) actions pending in four districts as follows: nine in the Northern District of California, three in the Southern District of California, two in the District of New Jersey and two in the Middle District of Florida (of which both Plaintiff groups support transfer to the Northern District of California). The Panel often favors transfer to the court where the most cases are pending or where the majority of parties prefer. *See, e.g., In re Parcel Tanker Shipping Services Antitrust Litigation*, 296 F. Supp. 2d 1370, 1371 (J.P.M.L. 2003); *In re Bristol Bay, Alaska Salmon Fishery Antitrust Litigation*, 424 F. Supp. 504, 506 (J.P.M.L. 2007) (favoring transfer to forum in which three of four actions were pending); *In re Rubber Chemicals Antitrust Litigation*, 350 F. Supp. 2d 1366, 1367 (J.P.M.L. 2004) (transferring related actions to forum "choice of all responding parties"). Here, not only were nine of the sixteen actions filed in the Northern District of California, but Plaintiffs from an additional four cases filed outside of the Northern District of California now support transfer to San Francisco as a first or second choice.[5]

---

[5] Plaintiffs filing motion or response and supporting transfer to N.D. Cal. as first choice: *Nelson, et al. v. Nippon Yusen Kabushiki Kaisha, et al.*, 3:13-cv-00604 (M.D. Fla. May 24, 2013); *MacQuarrie, et al. v. Nippon Yusen Kabushiki Kaisha, et al.*, 3:13-cv-02696-EDL (N.D. Cal. May 28, 2013); *Adame v. Nippon Yusen Kabushiki Kaisha, et al.*, No. 3:13-cv-00651 (M.D. Fla. June 6, 2013); *Martens Cars of Washington, et al. v. Nippon Yusen Kabushiki Kaisha, et al.*, No. 3:13-cv-02696 (N.D. Cal. June 12, 2013); *Spicer, et al. v. Nippon Yusen Kabushiki Kaisha, et al.*, No. 13-cv-2894 (N.D. Cal. June 24, 2013); *Heilicher, et al. v. Nippon Yusen Kabushiki Kaisha, et al.*, No. 13-cv-3000 (N.D. Cal. June 28, 2013); *Levis, et al. v. Nippon Yusen Kabushiki Kaisha, et al.*, Case No. 3:13-cv-02895-NC (N.D. Cal. June 24, 2013); *Versalles v. Nippon Yusen Kabushiki Kaisha, et al.*, Case No. 3:13-cv-02999-NC (N.D. Cal. June 28, 2103); *Reiber, et al. v. NYK Line (North America), Inc., et al.*, No. 4:13-cv-03233-KAW (N.D. Cal. July 12, 2013); *Senior, et al. v. Nippon Yusen Kabushiki Kaisha, et al.*, No. 13-cv-03448-JSC (N.D. Cal. July 25,

Defendants support their request for transfer to the District of New Jersey by counting only those complaints filed on or before their MDL appearance date, but they cite no legal authority entitling them to simply disregard certain plaintiffs' filings. *See* Docket No. 55, p. 2, n.2. They also question the exact domicile of the California resident Plaintiffs in *MacQuarrie*. *Id*. To date, zero (0) named Plaintiffs are New Jersey residents, while no fewer than nine (9) are California residents; thus, should the Panel consider state of residence, more parties in this litigation reside in California than in any other state.

In sum, a majority of the actions have been filed in the Northern District of California, 13 of 16 total actions support transfer thereto as a first or second choice, and no plaintiffs reside in New Jersey, while at least nine reside in California. These facts militate in favor of transfer to the Northern District of California.

> **B.     The Northern District of California is Convenient for the Geographically Diverse Parties and Witnesses**

As discussed in the MacQuarrie Motion and supporting memoranda of law, the Northern District of California is convenient to the parties and witnesses. First, the alleged conspiracy is global, with no single geographic center of anticompetitive activity where documents or witnesses are likely to be found. Most Defendants here are Asian Vehicle Carrier Services companies headquartered in Japan or Korea. Evidence of the alleged anticompetitive conduct is likely located at their main headquarters, outside the U.S. altogether. Thus, the Northern District of California remains the most geographically convenient forum overall. *See, e.g.*, *In re Lithium Ion Batteries*, 2013 U.S. Dist. LEXIS 17531, MDL No. 2420, *3 (J.P.M.L. February 6, 2013)

---

2013); *Bui, et al., v. NYK Line (North America) Inc., et al.*, No. 3:13-cv-03516-JCS (N.D. Cal. July 30, 2013).

Plaintiffs filing response and supporting transfer to N.D. Cal as second choice: *F. Ruggiero v. NYK Line (North America), et al.*, 3:13-cv-03306 (D.N.J. May 24, 2013); *Knudson v. NYK Line (North America) Inc., et al.*, No. 2:13-cv-03485 (D.N.J. June 5, 2013).

(transferring antitrust action to the Northern District of California, in part, because Defendants were from Asia); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 483 F. Supp. 2d 1353, 1354 (J.P.M.L. 2007) (noting that the Northern District of California "appears to be somewhat more conveniently located for the significant number of Asia-based defendants").

Furthermore, the Panel has sought to transfer claims to the district where claims were brought on behalf of the broadest class. *See In re Wireless Tel. Servs. Antitrust Litig.*, 249 F. Supp. 2d 1379, 1380 (J.P.M.L. 2003). California has the largest volume of new car sales in the country, and affected commerce flows into California via the major ports of Oakland/San Francisco, Los Angeles/Long Beach and San Diego. Nevertheless, the only Related Actions brought in the Southern District of California are on behalf of putative statewide classes of California consumers, as opposed to the nationwide classes and other state classes alleged in most of the Northern California Related Actions. Accordingly, as between Northern and Southern California, transfer of the Related Actions to the Northern District of California is preferred.

Finally, San Francisco is an internationally recognized metropolitan area served by three international airports[6] and well supported by local amenities, accommodations and transportation services, making it easily accessible to all parties in this litigation. *See, e.g.*, *In re Trasylol Prods. Liab. Litig.*, 545 F. Supp. 2d 1357, 1358 (J.P.M.L. 2008) (weighing in favor of transfer to "accessible metropolitan location"). For these reasons, the convenience of the parties and potential witnesses is best served by the Northern District of California.

### C. Docket Conditions and Judicial Resources Support Transfer to the Northern District of California

The Panel has consistently recognized that the condition of the district courts' dockets is an important factor in determining the most appropriate transferee court. This consideration

---

[6] San Francisco International Airport, Oakland International Airport and Norman Y. Mineta San Jose International Airport

seeks to ensure that districts are not overburdened with litigation which could prevent them from effectively handling the caseloads. *See, e.g., Southeastern Milk Antitrust Litigation*, 530 F. Supp. 2d at 1360; *In re Pilgrim's Pride Fair Labor Standards Act Litigation*, 489 F. Supp. 2d 1381, 1382 (J.P.M.L. 2007).

The Northern District of California has general docket conditions that are materially comparable to, or more favorable than, the conditions of the other potential transferee courts. Specifically, the distribution of pending MDL dockets indicates that there are currently only seventeen (17) MDL actions pending before the twenty (20) active District and Senior District Court Judges in the Northern District of California.[7] Where only two judges in the Northern District of California are currently overseeing more than one MDL, there are four judges doing so in the District of New Jersey.[8]

Additionally, the *MacQuarrie* case is currently assigned to the Honorable Jon S. Tigar, a capable judge with relevant complex and antitrust litigation experience. Notably, he has presided over antitrust cases as a district court judge. *See, e.g.*, *Orchard Supply Hardware LLC v. Home Depot USA, Inc.*, 12-CV-06361-JST (N.D. Cal.); *Rheumatology Diagnostics Lab., Inc. v. Aetna, Inc.*, 12-CV-05847-JST (N.D. Cal.). Prior to his ascent to the federal bench, Judge Tigar served as a judge to the Alameda County Superior Court from 2002 to 2013. In addition, he practiced at Keker & Van Nest in the area of complex commercial litigation from 1994 to 2002. Given Judge Tigar's antitrust and complex litigation experience, and the District's favorable docket conditions, transfer of the Related Cases to the Northern District of California will allow a more efficient use of judicial resources and avoid overburdening already strained district courts.

---

[7] *See* http://www.cand.uscourts.gov/judges.

[8] *See* Federal Judicial Center's Federal Court Management Statistics for 2012 (http://www.uscourts.gov/ Statistics/FederalCourtManagement Statistics/district-courts-december-2012.aspx).

### D. The Northern District of California is Not Disadvantaged by the "First-Filed" Factor

In this case, it would not be appropriate for the Panel to give weight to where the first Related Action was filed. The Panel has considered the "first-filed" criterion insofar as it indicates where the most advanced action is pending, not as a stand-alone factor. *See, e.g., In re Baldwin-United Corp. Litigation*, 581 F. Supp. 739, 741 (J.P.M.L. 1984) (ordering transfer to New York, where the "first-filed and most advanced actions" were pending); *In re Prudential Inc. Co. of Am. SGLI/VGLI Contract Litig.*, 763 F. Supp. 2d 1374, 1375 (J.P.M.L. 2011) (favoring transfer to Massachusetts over an otherwise "suitable transferee forum" because the judge of the first-filed case had six months to become familiar with the litigation before a second action was filed).

Here, two actions in different districts were filed on May 24, 2013;[9] and on the next business day, the first action in the Northern District of California was filed. From the date of the first two actions, it was a mere eight business days before actions had been filed in all four districts in question. Defendants contend that despite another action being filed in Florida on the same day as the first New Jersey action, by the next business day[10], they had "already had to take significant logical steps in the preparation of their responses to the [New Jersey] plaintiffs' complaint." This argument should be rejected. With only one day of difference in the filing dates of actions in three separate districts, the Panel's goal of determining a judge's relative familiarity with the litigation in question, and promoting judicial economy, is simply not served in this instance. No district bears a meaningful advantage when considering the first-filed action, and the Panel should disregard any such argument.

---

[9] *Nelson* and *Rugiero* were both filed on May 24, 2013, the Friday before the Memorial Day holiday weekend.

[10] Filing date of *MacQuarrie v. Nippon*, the first action in N.D. Cal.

## CONCLUSION

For the foregoing reasons, Plaintiffs support the transfer and consolidation of the Related Actions to the Northern District of California.


DATED: August 6, 2013                    **ZELLE HOFMANN VOELBEL & MASON, LLP**

By:   */s/ Christopher T. Micheletti*
            Christopher T. Micheletti

Francis O. Scarpulla (#41059)
Christopher T. Micheletti (#136446)
Patrick B. Clayton (#240191)
Qianwei Fu (#242669)
Jubilee Menzies (#271981)
ZELLE HOFMANN VOELBEL & MASON, LLP
44 Montgomery St., Suite 3400
San Francisco, CA 94104
Telephone:   (415) 693-0700
Facsimile:    (415) 693-0770
*fscarpulla@zelle.com*
*cmicheletti@zelle.com*
*pclayton@zelle.com*
*qfu@zelle.com*
*jmenzies@zelle.com*


*Attorneys for Plaintiffs Judy A. Reiber, Craig Buske, Elizabeth Allen, William Elwood, Darrel Senior, Matthew Righetti and the Proposed Class*